IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ALAN RICHARD MITCHELL,

        Petitioner,

   v.

STEVE FRANKE,

        Respondent.

Civil No. 11-79-JE

FINDINGS AND RECOMMENDATION

Alan Richard Mitchell, #7965991
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR 97882-9419

    Attorney for Petitioner

John R. Kroger, Attorney General
Jonathan W. Diehl, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state convictions for Sodomy and Sexual Abuse. Because petitioner failed to timely file this action, his Petition for Writ of Habeas Corpus (#1) should be dismissed.

## BACKGROUND

On July 31, 2003, petitioner was convicted in Josephine County of Sodomy in the First Degree and three counts of Sexual abuse in the First Degree, and the trial court sentenced him to 175 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal, and the Oregon Court Appeals affirmed the trial court in a *per curiam* opinion, and the Oregon Supreme Court denied review. *State v. Mitchell*, 201 Or. App. 413, 118 P.3d 836, *rev. denied* 339 Or. 475, 124 P.3d 1248 (2005). Petitioner's convictions became final when the Appellate Judgment issued on November 30, 2005. Respondent's Exhibit 102.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on his Petition. The Oregon Court of Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. *Mitchell v. Nooth*, 232 Or. App. 440, 222 P.3d 1140 (2009), *rev. denied* 347 Or. 608, 226 P.3d 42 (2010). This PCR

action became final when the Appellate Judgment issued on April 1, 2010. Respondent's Exhibit 104.

According to his Certificate of Service, petitioner filed his Petition for Writ of Habeas Corpus by placing it in the prison mail system on January 17, 2011. In his Petition, he raises various claims of trial court error and ineffective assistance of counsel. Respondent asks the court to deny relief on the Petition because petitioner failed to file it within the time prescribed by the applicable statute of limitations.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3 - FINDINGS AND RECOMMENDATION

>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, AEDPA's one-year statute of limitations began to run on March 1, 2006 after petitioner's time for petitioning the U.S. Supreme Court for certiorari had passed. The statute of limitations ran unabated until petitioner signed and mailed his PCR Petition on September 30, 2007.[1] By the court's calculation, 578 untolled days accrued.[2]

---

[1] Under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions).

[2] Respondent asserts that AEDPA's statute of limitations began to run on February 28, 2006, but this would appear to include petitioner's final day to petition the U.S. Supreme Court for certiorari. The court does not read the governing case law

4 - FINDINGS AND RECOMMENDATION

After the conclusion of petitioner's PCR action on April 1, 2010, another 290 untolled days accrued before petitioner mailed his Petition for Writ of Habeas Corpus to the court on January 17, 2011. As a result, petitioner allowed a total of 868 untolled days to elapse before he filed this federal habeas corpus action, a figure which places his case well outside of AEDPA's one-year statute of limitations.

Petitioner argues that the court should consider his case to be timely because AEDPA's statute of limitations is tolled for any time he spent exhausting his claims in the state courts, including the time spent between the conclusion of his direct appeal and the filing of his PCR action. But AEDPA's statutory language is clear that the limitation period is tolled only during the time that a properly filed state court action is actually *pending*. 28 U.S.C. § 2244(d)(2). Although petitioner maintains that the court should not conclude that his Petition for Writ of Habeas Corpus is untimely when he followed all state procedural rules properly, Oregon's two-year statute of limitations applicable to the filing of PCR actions does nothing to extend the one-year AEDPA statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003). Accordingly, the court

---

to include such days. See *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (adopting Fed. R. Civ. P. 6(a) as the method for measuring AEDPA's statute of limitations).

5 - FINDINGS AND RECOMMENDATION

should dismiss the Petition for Writ of Habeas Corpus on the basis that it is untimely.

## RECOMMENDATION

For the reasons identified above, the court should enter a judgment DISMISSING the Petition for Writ of Habeas Corpus (#1) with prejudice. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this **24** day of August, 2011.

_____
John Jelderks
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION